87 F.3d 1316
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard WALKER, a.k.a. "L.A.", Bernard Goines, a.k.a. "B",
Anthony White, and Jimmy Sloan, a.k.a. "June Bug",
Defendants-Appellants.
 Nos. 94-3518, 94-3754, 95-1811, 95-1868.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 12, 1996.
Decided June 11, 1996.
 
 Before CUDAHY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The four appellants, along with nine others, were charged in a thirty-six count indictment with conspiring to possess and distribute cocaine, possessing and distributing cocaine, using a telephone to facilitate the distribution of cocaine, and using or carrying firearms in relation to a drug trafficking crime. Following a seven-week jury trial, the thirteen original defendants were convicted of the conspiracy and firearms charges, and some were also convicted of the lesser offenses. The thirteen defendants appealed their conspiracy and firearms convictions in addition to their sentences. In a comprehensive opinion, this Court affirmed the convictions of twelve of the thirteen original defendants, including the four appellants. See United States v. Goines, 988 F.2d 750 (7th Cir.), cert. denied, 114 S.Ct. 241 (1993). With respect to their sentences, the defendants argued in their first appeal that the district court erred in determining the amount of cocaine that was attributable to them under the Sentencing Guidelines. We held that "[t]he law requires specific factual findings by the sentencing judge about the scope of each defendant's agreement in a conspiracy case, where the crucial element in determining the proper base offense level is the reasonable foreseeability, or reasonable awareness, of the quantity of drugs." Id. at 777. Because the district court failed to determine the scope of each appellant's agreement, but rather "adopted findings about the amount of cocaine involved in the entire conspiracy," we vacated the sentences of the four appellants and remanded for the limited purpose of ascertaining the quantity of drugs attributable to each appellant. Id. at 777. On remand, the district court made specific factual findings of foreseeability for all four appellants and re-sentenced them accordingly. In this successive appeal, Walker, Goines, White, and Sloan again argue that the district court erred in calculating the amount of cocaine attributable to them. However, since the district court's findings on remand are sufficient to satisfy the dictates of Goines, we affirm the appellants' sentences.
 
 
 2
 To determine the amount of drugs attributable to a defendant convicted of conspiring to distribute drugs, the district court must recognize that:
 
 
 3
 Each conspirator is responsible for the amount of [drugs] he actually distributed and the amount involved in transactions reasonably foreseeable to him. The derivative nature of coconspirator liability "makes it imperative to determine the scope of the conspiratorial agreement each joined." United States v. Thompson, 944 F.2d 1331, 1344 (7th Cir.1991), cert. denied, 112 S.Ct. 1177 (1992)....
 
 
 4
 A late entrant to the conspiracy may be held liable for the entire amount of drugs involved if he was aware, or should have been aware, of the amount involved in earlier transactions. This awareness of past quantities corresponds to the concept of reasonable foreseeability of future transaction amounts, and thus depends on the same sort of factual determination. The sentencing judge should state reasons why each individual defendant was aware of or reasonably foresaw the particular amount of drugs for which he will be held accountable, with reference to supportive evidence.
 
 
 5
 Goines, 988 F.2d at 775 (emphasis added). At the original sentencing of the appellants, the district court set the base offense level (34) by using the amount of cocaine involved in the entire conspiracy (between 15 and 50 kilograms), without making a finding of the quantity foreseeable to each appellant or the scope of the agreement that each appellant joined. We remanded for re-sentencing in order for the district court to make these specific findings.
 
 
 6
 On remand, the government submitted two memoranda in support of finding the appellants responsible for between 15 and 50 kilograms of cocaine. One memorandum documented specific quantities of cocaine that the conspiracy distributed on various dates. It concluded that, between the inception of the conspiracy in 1988 and the arrest of the conspirators in 1990, the conspiracy as a whole distributed between 15 and 50 kilograms of cocaine. The appellants do not dispute this calculation of the amount of drugs attributable to the conspiracy.[1] The other memorandum comprehensively detailed the evidence of each appellant's participation and role in the conspiracy. The district court extensively relied on the government's two memoranda in re-sentencing the appellants.[2]
 
 
 7
 At Walker's re-sentencing hearing, the district court found that:
 
 
 8
 while it may be true that Mr. Walker was not a prime mover in terms of handling the [cocaine] ... nonetheless, he was a prime mover in providing not only a safe house for the distribution of drugs but also was very cleverly involved in the obtaining of numerous handguns.... [He] was very much an instrumentality of the group bringing about the delivery of cocaine....
 
 
 9
 Walker Re-Sent. Tr. 10-11. Given the considerable extent of Walker's procuring activities, the district court found that Walker reasonably foresaw the amount of cocaine that the conspiracy distributed after March of 1989, the date he joined the conspiracy. Walker Re-Sent. Tr. 11. The district court calculated this amount to be between 15 and 50 kilograms and sentenced Walker based on that figure. Walker Re-Sent. Tr. 11.
 
 
 10
 In re-sentencing Goines, the district court credited a statement given by Goines at the time of his arrest. The statement indicated that Goines, with full knowledge of the amount of drugs that the conspiracy previously had been dispensing, became a primary distributor of cocaine for the conspiracy in June of 1989. The court found that Goines had a prominent role in the conspiracy and therefore had full knowledge of the scope of the enterprise. Goines Re-Sent. Tr. 31-34. The district court further found that between 5 and 15 kilograms of cocaine was distributed after Goines' involvement in the conspiracy, concluded that this amount was reasonably foreseeable to Goines, and sentenced him accordingly. Goines Re-Sent. Tr. 33.
 
 
 11
 The government's memoranda demonstrated that White and Sloan entered the conspiracy at an early stage and became leaders of "posses" or subgroups of the organization. White and Sloan, first together and later separately, managed drug houses manned by members of their posses. Due to their upper-level positions in the conspiracy, the district court found that between 15 and 50 kilograms of cocaine was reasonably foreseeable to both White and Sloan. In sentencing White based on this amount, the court concluded that "it would be an absolute dereliction of my sworn duty as a judge to find anything but the fact that Mr. White had ample foreseeability and in many, many of these transactions actual knowledge." White Re-Sent Tr. 28. In holding Sloan responsible for the full amount distributed by the conspiracy, the district court found that:
 
 
 12
 given the content of the government's two sentencing memoranda ... as well as the testimony of Mr. Pounds and Mr. Coleman among others[3] ... this in essence was a way of life for Mr. Sloan. And to suggest that he had no foreseeability as to the depth and breadth of what was going on within the confines of this conspiracy is simply not borne out by the evidence.... I have no hesitancy whatsoever in finding that Mr. Sloan had the requisite foreseeability as to all of the cocaine that was the subject of the conspiracy, well above the 15 kilogram threshold.
 
 
 13
 Sloan Re-Sent Tr. 21.
 
 
 14
 The appellants argue that, on re-sentencing, the district court erred in calculating the amount of cocaine attributable to them under the Sentencing Guidelines. We review these factual findings of the district court for clear error. United States v. Phillips, 37 F.3d 1210, 1213 (7th Cir.1994). Contrary to the appellants' assertions, the district court clearly followed the requirements set forth in Goines. The court determined the quantities of cocaine that were reasonably foreseeable to the each of the appellants individually by examining evidence of the scope of the conspiratorial agreement that each joined. Although some of the appellants may not have had actual knowledge of the specific drug quantities for which they were held responsible, under Goines each coconspirator is liable for the amount of drugs that was reasonably foreseeable to him. Goines, 988 F.2d at 775. In making its findings, the district court properly relied on the government's two memoranda, which documented each appellant's involvement in the conspiracy and the amount of drugs distributed by the conspiracy.[4] After independently reviewing the record, we conclude that the evidence, as outlined in the government's memoranda, supports the district court's determination of the amount of drugs reasonably foreseeable to the appellants. Thus the findings of the district court were not clearly erroneous. We therefore AFFIRM the sentences of all four appellants.[5]
 
 
 
 [1]
 Indeed, in Goines we upheld the district court's finding that various members of the conspiracy were responsible for the distribution of at least 15 kilograms of cocaine. 988 F.2d at 777
 
 
 [2]
 The court, in fact, adopted the two memoranda as its findings at Walker's re-sentencing hearing
 
 
 [3]
 At trial Pounds and Coleman testified that they worked at drug houses operated by Sloan. On re-sentencing Sloan proffered an affidavit by Pounds, in which Pounds purportedly recanted his trial testimony implicating Sloan in the management of the drug houses. The district court rejected the affidavit, finding that it stood in contrast with Pounds' corroborated trial testimony and was "conclusory at best." Sloan Re-Sent Tr. 19. The district court did not clearly err in refusing to lend credence to this unreliable information. See United States v. Miller, 891 F.2d 1265, 1270 (7th Cir.1989)
 
 
 [4]
 White argues that the district court erred in his re-sentencing hearing by failing to make a finding of foreseeability for each quantity of cocaine that the government outlined in its memoranda. The Federal Rules of Criminal Procedure provide that if a defendant alleges "any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation...." Fed.R.Crim.P. 32(c)(3)(D). After reviewing the government's memoranda, the district court specifically found that over 15 kilograms was reasonably foreseeable to White. This finding was sufficient to support the sentence imposed by the district court. See United States v. Taylor, 72 F.3d 533, 546-47 (7th Cir.1995) (holding that district court may satisfy requirements of Rule 32 by pointing to PSR instead of providing detailed responses to defendant's objections); Phillips, 37 F.3d at 1213 (holding that district court made a "sufficiently specific finding" where it relied on government exhibit detailing drug quantities)
 
 
 [5]
 The appellants also argue that their convictions under 18 U.S.C. § 924(c) for using or carrying firearms during and in relation to a drug trafficking offense must be reversed in light of the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995). In Goines, however, we affirmed the convictions of the appellants, and remanded to the district court for the limited purpose of re-sentencing. 988 F.2d at 782. We therefore do not have jurisdiction to entertain the appellants' arguments regarding their convictions under 18 U.S.C. § 924(c). The only course available for the appellants is to seek relief under 28 U.S.C. § 2255